UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL PITTMAN                                              CIVIL ACTION

VERSUS                                                      NO: 08-4374

DELTA TOWING, LLC                                           SECTION: "S" (3)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Falgout Canal Landing, LLC's motion for summary judgment is **GRANTED**. (Document #57.)

### I. BACKGROUND

At approximately 1:00 a.m. on February 9, 2008, Samuel Pittman, a drilling consultant, was a passenger aboard the M/V DART. The M/V DART was assigned to Hercules Drilling Company's Rig 9 to transport men and materials to the Hercules drilling rigs. On this occasion, Captain William Warren took his instructions from Pittman, the lease operator's representative on the rig.

Captain Warren received a call to transport Pittman and Merle Lecroix from the rig to land. Although Captain Warren was not authorized to use the Falgout Marina in Terrebonne Parish, Louisiana, Pittman insisted on being dropped at the Falgout dock because his ride was waiting for him there. Captain Warren agreed to back up to the dock and allow Pittman to

disembark and drive to the Hercules dock to pick up Lecroix and the luggage. As Pittman was standing at the stern ready to disembark the vessel, the stern touched the dock. Pittman took a step and disappeared from Captain Warren's sight. Pittman fell to the dock and sustained multiple leg fractures from his fall.

Pittman filed an action under admiralty and general maritime law, pursuant to Federal Rule of Civil Procedure 9(h), against the vessel operator, Delta Towing, LLC (Delta Towing), alleging negligence and unseaworthiness of the vessel, and against the insurers, State National Insurance Company and St. Paul Fire and Marine Insurance Company. In an amended complaint, Pittman's wife, Lisa Pittman, filed a claim for loss of consortium under Louisiana law. Delta Towing filed a third-party complaint against Falgout Canal Landing, LLC (Falgout), which owns and operates Falgout Marina.

Falgout filed a motion for summary judgment on the third-party claim.[1]

## II. DISCUSSION

### A. Summary judgment

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805,

---

[1] Pittman filed a response, stating that he does not oppose Falgout's motion. Pittman does not dispute Falgout's statement of uncontested material facts except for No. 9, which he views as overbroad, conclusory, and unproven, but not material to the motion for summary judgment. Number 9 provides: "Although neither Hercules nor Delta Towing were authorized or had no permission to use Falgout's dock, the Captain of the M/V DELTA DART, William Warren, made the decision to drop Mr. Pittman off at Falgout's dock."

2

809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.  Duty of dock owner**

Falgout argues that it had no duty to assist or supervise the mooring of the vessel or to furnish means of ingress and egress to and from the dock.  Falgout contends that neither the vessel, Captain Warren, nor Pittman had a right to be at the dock or use the dock for any reason on February 9, 2008.  He argues that their status is that of trespasser, and the only duty that a dock owner owes to a trespasser is not to injure him willfully or wantonly.

Delta contends that discovery is not complete and that there are genuine issues of material fact as to 1) whether Pittman was trespassing on the dock, 2) the scope of the duty owned by Falgout, and 3) whether inadequate lighting presented an unreasonable risk of harm.

Absent a maritime status between the parties, a dock owner's duty to passengers of a crewboat using its facility is defined by the application of state law.  See Forrester v. Ocean Marine Indem. Co., 11 F.3d 1213, 1218 (5th Cir. 1993) (citing Florida Fuels, Inc. v. Citgo

3

Petroleum, Corp., 6 F.3d 330, 334 (5th Cir. 1993)). In Louisiana, the existence of a duty and the scope of the duty are questions of law. Dupre v. Chevron U.S.A., Inc., 20 F.3d 154, 157 (5th Cir. 1994). "In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." Peterson v. Gibraltar Sav. and Loan, 733 So.2d 1198, 1204 (La. 1999).

As a preliminary matter, Delta's motion to deny Falgout's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f) is denied. Summary judgment is not precluded under Rule 56(f) because Delta has not shown that it cannot present facts essential to justify its opposition to the motion for summary judgment.

Delta does not allege that there is any maritime status between Delta and Falgout; therefore, Louisiana law applies. Moreover, a determination of the status of the vessel, its Captain, and Pittman as an invitee or trespasser is not material to the disposition of Falgout's motion. In 1976, the Supreme Court of Louisiana eliminated the classifications of invitee, licensee, and trespasser, and replaced the classifications with a duty/risk analysis. See Cates v. Beauregard Elec. Coop., Inc., 328 So.2d 367, 370 (La. 1976).

Delta argues that there disputed issues of law as to whether the Falgout dock was adequately lit. Delta presents the testimony of Pittman that there was a light on the dock, but it was burned out, and relies on Champagne v. Nautical Offshore Corp., 2002 WL 31387134 (E.D. La. 2002) (unreported) to support the argument. In Champagne, the plaintiff jumped to the ground from a vessel, and his ankle landed in a hole roughly two feet wide and one foot deep.

4

2002 WL 31387134 at *2. The district court held that there were disputed issues of material facts as to whether the dock was reasonably safe because of the size of the hole, its location, and the lighting. Id. (stating that "[i]nadequate lighting may be grounds for finding that a docking facility is not reasonably safe").

In this case, unlike Champagne, Pittman does not allege that there was any defect in the dock, and he has not raised a genuine issue regarding the lighting. Captain Warren testified that he positioned the vessel stern to the dock, which was approximately 20 to 21 inches below. Captain Warren testified that the dock was well lit with "a couple of dusk-to-dawn lights" in the general area, and the vessel had a small, white stern light and a 500 watt, halogen floodlight directed at the stern.

In his deposition, Pittman stated that the step from the vessel to the dock "looked doable to me." He testified that "as I got into my step, the boat shifted out from the dock and away from the dock, and I collapsed on my right leg." He stated that Lecroix did not witness the accident because he was retrieving the bags from "down below on the boat." Pittman stated that he would not have tried to disembark if he felt it was unsafe. Pittman testified that the lighting "was not that good around the stern of the boat." However, according to his own testimony, Pittman observed that although some of the lights were not working, "you can see, but it was–it wasn't fully lighted."

Although there is conflicting testimony concerning the quality of lighting on the vessel, the court concludes that Pittman has not put forth evidence to establish that the dock was not reasonably safe because of the lighting. Pittman testified that he "looked" at the distance to the

dock and deemed it "doable." Although he states that some lights at the dock were not working, Pittman did not testify that the lighting was a factor in his injury, but attributed his injury to the shifting of the vessel.

Accordingly, there are no disputed issues of material fact, and Falgout is entitled to judgment as a matter of law.

New Orleans, Louisiana, this __13th__ day of January, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**